**COLLINS, VELLA & CASELLO, LLC**
2317 Highway 34, Suite 1A
Manasquan, NJ 08736
**Attorneys for Debtor**
Joseph M. Casello, Esq.
(732) 751-1766

Order Filed on February 22, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**District of New Jersey**

| | | |
|---|---|---|
| In re: | : | Chapter 13 Case No. 18-11152 |
| Dane Richards, Sr., | : | Judge: Honorable Christine M. Gravelle, U.S.B.J. |
| Debtor | : | Hearing Date: February 21, 2018 at 9:00 a.m. |

**REVISED ORDER AUTHORIZING ASSUMPTION OF CONTRACT FOR SALE OF REAL PROPERTY AND AUTHORIZING SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. §363(b) & (f)**

**DATED: February 22, 2018**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

**Page 2**
Debtor: Dane Richards, Sr.
Case No.: 18-11152
Caption of Order: Revised Order Authorizing Assumption of Contract for Sale of Real Estate and Authorizing the Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

---

Upon consideration of the Motion of the Debtor-in-Possession for an Order Authorizing the Assumption of a Contract for the Sale of Real Property and Authorizing the Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f) and adequate notice of the proposed sale having been provided to all creditors and parties and interest and for good cause shown;

It is hereby **FOUND AND DETERMINED** THAT:

A. This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §157 and §1334 and this matter is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (N).

B. The statutory predicates for the relief sought in the Sale Motion pursuant to the Bankruptcy Code and the Bankruptcy Rules have been satisfied.

C. The Debtor is the owner of the real property located at 11 Eton Place, Eatontown, New Jersey("Subject Property") to be transferred.

D. On December 1, 2017, Jason Peters executed a contract with Dane Richards, Sr. to purchase the Subject Property for $240,000.00.

E. The Subject Property was marketed by a broker prior to the signing of the contract and the Debtor maintains the sale is an arms-length transaction.

F. A reasonable opportunity to object and be heard has been afforded to all creditors and parties in interest, and any objections have been resolved upon the terms placed on the record before the Court.

**Page 3**
Debtor: Dane Richards, Sr.
Case No.: 18-11152
Caption of Order: Revised Order Authorizing Assumption of Contract for Sale of Real Estate and Authorizing the Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

---

G. Good and sufficient cause for the sale of the Subject Property has been articulated by the Debtor and relief sought in the motion is in the best interests of the Debtor and creditors of the estate.

H. The purchaser is a good faith purchaser as that term is defined in the bankruptcy code and as such is entitled to all of the protections afforded by section 363(m) of the bankruptcy code.

I. The purchaser has offered fair market value and this offer represents the highest and best offer for the Subject Property. Any claims arising under Section 363(n) of the bankruptcy code are hereby released, waived and discharged.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The finding of facts entered above and the conclusions of law stated herein shall constitute the Court's finding of facts and conclusions of law pursuant to bankruptcy rule 7052 made applicable to this proceeding pursuant to bankruptcy rule 9014. To the extent that any finding of facts shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion shall be later to be determined to be a finding of fact, it shall be so deemed.

2. The sale motion is granted and approved in all respects.

3. The Debtor is hereby authorized and directed to execute and deliver and empowered to perform under and consummate and implement the sale including execution of any additional instruments and documents that purchaser reasonably deems necessary or

**Page 4**
Debtor: Dane Richards, Sr.
Case No.: 18-11152
Caption of Order: Revised Order Authorizing Assumption of Contract for Sale of Real Estate and Authorizing the Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

appropriate to implement the sale, and to take all further actions as may be deemed reasonable necessary by the purchaser for the purpose of a signing, transferring, granting, conveying and conferring to the purchaser and to reduce to the possession of the purchaser of the Subject Property.

    4.    The transfer of the Subject Property to the purchaser pursuant to the sale order constitutes a legal, valid and effective transfer of the Subject Property and shall vest the purchaser with all right, title and interest in the Subject Property free and clear of all liens, claims, interest and encumbrances of any kind or nature whatsoever.

    5.    Any and all persons or entities holding or asserting liens, claims or interest in to or against the acquired Subject Property or unto or against the Subject Property shall be forever barred from asserting such liens, claims or interests against the purchaser, its affiliates, successors and or assigns after the closing.  Any liens, claims or encumbrances held by these parties shall become a lien against the sale proceeds which shall be distributed at the time of closing of title as follows:

        (a)    The Debtor shall be authorized to pay any and all municipal charges and fees against the Subject Property necessary to consummate the closing including redeeming any tax sale certificates or other municipal liens.

**Page 5**
Debtor: Dane Richards, Sr.
Case No.: 18-11152
Caption of Order: Revised Order Authorizing Assumption of Contract for Sale of Real Estate and Authorizing the Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

---

(b) The Debtor shall be further authorized to pay any the first mortgage holder M&T Bank. The closing attorney shall obtain a payoff letter from M&T Bank prior to the closing and the mortgage shall be paid in full at the time of closing.

(c) The Debtor shall be authorized to pay real estate commissions to retained brokers and legal fees to special counsel in the amount of $1,500.

(d) All net proceeds after payment of the items enumerated in Paragraph 5(a) and (b) shall be paid to Standing Chapter 13 Trustee. A copy of the closing disclosure shall be provided to the Standing Chapter 13 Trustee within 10 days of closing of title.

6. The Court waives the 14 day stay of this order as per Federal Rule of Bankruptcy Procedure 6004(g) so as to allow the closing to occur immediately upon the entry of this order.

7. The Seller shall not be required to pay the realty transfer fee in connection with the closing as the sale is by a Chapter 13 debtor with the rights of a Trustee in bankruptcy pursuant to a final order of a court of record.

8. The consideration offered by the purchaser for the Subject Property is fair and reasonable and may not be avoided under bankruptcy code §363(n). The fourteen day stay otherwise imposed by bankruptcy rule 6004(h) is hereby waived and this Order shall be effective immediately upon entry.

**Page 6**
Debtor: Dane Richards, Sr.
Case No.: 18-11152
Caption of Order: Revised Order Authorizing Assumption of Contract for Sale of Real Estate and Authorizing the Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

---

9. This Court retains sole jurisdiction over the sale, this Order and the transaction contemplated thereby. Any disputes arising or relating thereto shall be resolved by this Court.

United States Bankruptcy Court
District of New Jersey

In re:  
Dane Richards, Sr.  
    Debtor

Case No. 18-11152-CMG  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-3    User: admin    Page 1 of 1    Date Rcvd: Feb 22, 2018  
                    Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 24, 2018.  
db        +Dane Richards, Sr.,    112 Broad Street,    Eatontown, NJ 07724-1504

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                        TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 24, 2018                                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 22, 2018 at the address(es) listed below:  
          Albert    Russo    docs@russotrustee.com  
          Denise E. Carlon    on behalf of Creditor    M&T BANK dcarlon@kmllawgroup.com,  
           bkgroup@kmllawgroup.com  
          Joseph    Casello    on behalf of Debtor Dane    Richards, Sr. jcasello@cvclaw.net,  
           jcasello627@gmail.com  
          Nicholas V. Rogers    on behalf of Creditor    WELLS FARGO BANK, NA nj.bkecf@fedphe.com  
          Rebecca Ann Solarz    on behalf of Creditor    M&T BANK rsolarz@kmllawgroup.com  
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov  
                                                                         TOTAL: 6